UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Civil No.: 12-CV-0494 JFM |
| **ASSORTED JEWELRY,** | : | |
| | : : : : : : : | |

### GOVERNMENT'S RESPONSE TO CLAIMANT'S
### MOTION FOR SUMMARY JUDGMENT

The United States of America, by its counsel, makes this response to Claimant Rai Terry's motion for summary judgment. (Doc. 10). For the following reasons, the Government asks the Court to rule that the Government is not required to respond to the motion on the merits at this time.

**Procedural Status**

Pending before the Court is a motion for summary judgment filed by the Claimant (Doc 34).

The basis for the Government's motion is that before the Court can consider any motion filed by Claimant, it must determine if Claimant has established standing to contest the forfeiture. The Government is in the process of challenging the Claimant's standing, and discovery is being conducted on the standing issue. Thus, rather than deciding the Claimant's motion for summary judgment, the Court should instead should direct the parties to address the standing issue, pursuant to the Supplemental Rules.

**Standing**

Standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d

1187, 1191 (9th Cir. 2004). *See Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006) (standing is the threshold question in every federal case, determining the power of the court to entertain the suit), quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975);

The procedure for challenging a claimant's standing is as follows: Under Supplemental Rule G(6) of the Federal Rules of Civil Procedure, the Government may serve the claimant with special interrogatories limited to determining the identity of the claimant, the nature of her interest in the property, and the circumstances concerning her acquisition of that interest. *See United States v. $133,420.00 in U.S. Currency,* ___ F.3d ___, 2012 WL 555987 (9th Cir. Feb. 21, 2012) (the purpose of the rule is to permit the Government . . . to gather information that bears on the claimant's standing; *e.g.*, special interrogatories may be used to test the veracity of [claimant's] claim of ownership), aff'g *United States v. $133,420.00 in U.S. Currency*, 2010 WL 2594304, *7 (D. Ariz. June 23, 2010) (Rule G appears to tip the scale in favor of the Government's interest in not defending against claims without minimal evidence of standing [and] does so by allowing the Government to propound special interrogatories and to challenge a claimant's standing by summary judgment early in the proceeding).

After receiving a claimant's response to the special interrogatories, the Government may challenge the claimant's standing under Rule G(8)(c) by filing a motion for summary judgment or by requesting an evidentiary hearing at which time the claimant would have to establish its standing by a preponderance of the evidence. *See United States v. 133 U.S. Postal Serv. Money Orders,* 780 F. Supp. 2d 1084, 1090 (D. Haw. 2011) (under Rule G(8)(c), the Government has the option of challenging the claimant's standing by filing a motion for judgment on the pleadings, a motion for summary judgment, or at an evidentiary hearing; explaining and citing the 2006

Committee Note); *United States v. $9,250.00 in U.S. Currency,* 2010 WL 3168628, *3-4 (D. Ariz. Aug. 10, 2010) (quoting the 2006 Advisory Committee Note to Rule G(8)(c) and explaining the various ways in which the Government can challenge standing, the allocation of the burden of proof, and the role of the court).

Importantly, because the Government is not required to engage in *any* litigation with a claimant until the claimant has established standing, the Government is not required even *to respond* to a dispositive motion filed by the claimant until the standing issue is resolved.  *See* Rule G(6)(c) (Government is not required to respond to a motion to dismiss the complaint until 21 days after the claimant has responded to special interrogatories); Rule G(8)(c)(ii)(A) (the court must decide the standing issue before any motion by the claimant to dismiss the action); *United States v. $162,576.00 in U.S. Currency,* ___ F. Supp. 2d ___, 2011 WL 5239747 (M.D. Ga. Nov. 1, 2011) (Government's Rule G(8)(c) motion for summary judgment based on lack of standing must be decided before claimant's motion that Government lacks evidence of forfeitability); *United States v. Real Property Associated with First Beneficial Mortgage Corp.,* 2009 WL 1035233, *2 (W.D.N.C. Apr. 16, 2009) (under Rule G(8)(c), court must resolve Government's challenge to claimant's standing before turning to claimant's motion to dismiss the complaint); *United States v. $6,207.00 in U.S. Currency,* 2009 WL 2169167, *2 (M.D. Ala. July 20, 2009) (when claimant moves to dismiss the complaint under Rule G(8)(b), and Government moves to strike the claim for lack of standing under Rule G(8)(c), the court must resolve the standing issue first); *United States v. $65,822.30 in U.S. Currency,* 2008 WL 2444441 (E.D. Mich. 2008) (Government's Rule G(8)(c) motion to strike a claim for lack of standing takes precedence over a claimant's Rule G(8)(b) motion to dismiss the forfeiture action); *United States v. All Funds Held in the Name of Kobi Alexander*, 2007 WL 2687660 (E.D.N.Y. 2007) (Rule G(8)(c) requires the court to consider

Government's challenge to claimants' statutory and article III standing before considering claimants' cross-motion to dismiss the complaint).

In this case, if the Court were to grant the Claimant's motion for summary judgment, it would by-pass the entire process set forth in the Supplemental Rules for addressing the issues in the case in an orderly fashion. The Government is in the process of sending special interrogatories to the Claimant to determine if she can even establish standing, other than her *ipse dixit claim* of ownership of the property.

It must be emphasized that Claimant's standing to contest the forfeiture is by no means certain. Invoices from Platinum Jewelry of 125th Street show that eight (8) pieces of the defendant property were either sold or on loan to various individuals, none of whom are identified as the Claimant, Rai Terry. The defendant property was seized from a residence shared by the Claimant and the defendant, Charles "Billy" Guy, in a related criminal case. While the Claimant has stated under oath that she was the owner of the property, such a statement is not sufficient to determine ownership. More documentation is needed on the standing issue and will hopefully be obtained via discovery, *see United States v. $133,420.00 in U.S. Currency,* ___ F.3d ___, 2012 WL 555987 (9th Cir. Feb. 21, 2012) (a claim of ownership, even if made under oath, is not sufficient).

At this juncture, there is nothing before the Court to satisfy the standing requirement, other than Claimant's assertion that she is the owner of the assorted jewelry that was seized from Charles "Billy" Guy. The Government submits it has the right to challenge Claimant's assertion of ownership and put Claimant to its proof in accordance with the procedures set forth in the Supplemental Rules.

**Conclusion**

For all of these reasons, the Court should rule that the Government is not required to respond on the merits to Claimant's motion for summary judgment at this time.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By: _____/s/_____
Christopher J. Romano
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on February 13, 2013, a copy of the foregoing Government's Response to Claimant's Motion for Summary Judgment was mailed first-class, postage prepaid, to Rai Terry, *pro se*, 4120 Hutch River Parkway, Bronx, New York 10475.

_____/s/_____
Christopher J. Romano
Assistant United States Attorney